UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GORDON C. BARBAY | * | |
| | * | |
|    Plaintiff, | * | CIVIL ACTION NO. |
| | * | SECTION " " |
| VERSUS | * | |
| | * | JUDGE: |
| UNION PACIFIC RAILROAD COMPANY | * | MAGISTRATE: |
| | * | |
|    Defendant. | * | JURY TRIAL REQUESTED |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Gordon C. Barbay, a person of the full age of majority and a resident of the Parish of West Baton Rouge, State of Louisiana, and for his Complaint for Damages, respectfully represents:

**I.**

Made Defendant herein is: Union Pacific Railroad Company (hereinafter referred to as "Union Pacific"), a corporation duly organized and existing under the laws of the State of Delaware and authorized to do and doing business in the Parishes situated in the Middle District of Louisiana.

**II.**

This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*. ("the FELA"), and the Federal Safety Appliance Act, 49 U.S.C. §20301, *et seq*. to recover damages for personal injuries sustained by Plaintiff while employed by Defendant Union Pacific and while engaged in interstate commerce.

### III.

Jurisdiction of this Honorable Court is conferred by 28 U.S.C. §1331 and/or 28 U.S.C. §1337.

### IV.

At all times material hereto, Plaintiff is and/or has been an employee of Defendant Union Pacific and/or its predecessor corporations, and the injuries and damages sustained by Plaintiff, as hereinafter set forth and for which Defendant is liable, were sustained by Plaintiff while engaged in the course of his employment duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

### V.

Defendant Union Pacific is and was, at all times mentioned herein, a common carrier by railroad; owning, operating, and/or maintaining in interstate commerce, a railway system, involving railroad tracks and facilities located throughout the State of Louisiana and within the Parishes situated in the Middle District of Louisiana.

### VI.

On or about March 23, 2017, Plaintiff was in the usual and customary performance of his duties as a Conductor, working for Defendant Union Pacific in its Livonia Yard, within the Parish of Point Coupee, State of Louisiana.

### VII.

In the course of his assigned work duties of securing railcars during normal switching operations, Plaintiff was using a brake stick to tie a hand brake on a rail car. As Plaintiff torqued the brake stick, suddenly, without warning, and unexpectedly the brake stick snapped in half, throwing Plaintiff off balance. As Plaintiff began to fall, he grabbed the side of a railcar in an

attempt to break his fall and suffered an injury to his right upper extremity, elbow and neck, *inter alia.*

## Count I - FELA Cause of Action

### VIII.

Plaintiff incorporates herein, as if copied *in extenso,* the allegations of Paragraphs I-VII.

### IX.

Plaintiff's injuries were caused in whole or in part by the negligence of Defendant Union Pacific by way of the following non-exclusive list of particulars:

(a) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to use reasonable care to provide Plaintiff with a reasonably safe place in which to work;

(b) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to comply with the applicable Federal Regulations found in Title 49, enacted for the safety and protection of railroad employees;

(c) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to exercise reasonable care by requiring Plaintiff to work in unsafe working conditions;

(d) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to inspect and/or maintain the brake sticks provided to its employees in a safe condition;

(e) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to exercise reasonably safe methods for work when it knew or should have known of the unsafe condition of the brake sticks provided to its employees, and that such conditions were reasonably likely to cause substantial harm;

(f) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to

inspect and/or provide proper inspection, maintenance and/or repair of the brake sticks and/or railcars to be certain same were safe for its employees, including Plaintiff;

(g) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to inspect, maintain and/or repair its cars and/or appurtenances to be certain same would function properly and safely when its employees, including Plaintiff, had to perform their assigned job duties;

(h) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide Plaintiff with reasonable equipment to perform his job safely;

(i) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to warn Plaintiff of the dangers to which he was being exposed;

(j) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to establish and/or enforce proper safety procedures;

(k) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to provide reasonably adequate equipment, assistance, manpower, and/or time for work and/or breaks when it knew or should have known of such unsafe working conditions;

(l) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to properly instruct, train and/or supervise;

(m) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to follow applicable rules, regulations, codes, and/or industry standards.

(o) In that Union Pacific, in violation of its non-delegable duty under the FELA, violated its own Safety and Operating Rules;

(p) In that Union Pacific, in violation of its non-delegable duty under the FELA, failed to

exercise due care and caution commensurate with the surrounding circumstances; and

(q) Other acts or omissions of negligence which will be fully enumerated at the trial of this matter.

**Count II - Defendant's Violation of the Federal Safety Appliance Act**

**X.**

Plaintiff incorporates herein, as if copied *in extenso,* the allegations of Paragraphs I-VII.

**XI.**

Plaintiff's injuries were caused, in whole or in part, by Defendant's violation of federal safety statutes and regulations including, but not limited to the Federal Safety Appliance Act, 49 U.S.C. §20301, *et seq*. Union Pacific's statutory and regulatory violations amount to negligence as a matter of law and caused the injuries and damages discussed herein. 49 U.S.C. §53-54a.

**Damages**

**XII.**

Plaintiff incorporates herein, as if copied *in extenso,* the allegations of Paragraphs I-XI.

**XIII.**

As a result of the negligence of Defendant Union Pacific, along with its absolute liability due to its violation of the Federal Safety Appliance Act, Plaintiff suffered painful injuries to his neck, right shoulder and elbow, *inter alia,* for which he has undergone substantial medical treatment.

**XIV.**

As a result of the negligence of Defendant Union Pacific, Plaintiff suffered severe and painful injuries and has physical limitations and restrictions regarding his neck, right shoulder and elbow, *inter alia*. Since the injury of March 23, 2017, Plaintiff has experienced and endured

pain and may, for an indefinite period of time into the future, experience and endure pain, suffering, inconvenience, irritation, annoyance, limits, restrictions, impairment of his body; has endured and may, for an indefinite period of time into the future, endure mental pain and anguish, past and future; has incurred and will incur further medical expenses associated with the treatment of his neck, right shoulder, and elbow; has been placed at risk for further injury; has suffered the loss and/or impairment of the ability to engage in his usual activities and occupation; has suffered the loss and/or impairment of his earnings and earning capacity; has suffered the loss and/or impairment of his general health, strength and vitality; and has suffered the loss and/or impairment of the ability to enjoy the various pleasures of life.

## XV.

Plaintiff demands all damages reasonable in the premises for the following:

(a) Physical pain and suffering, past & future;

(b) Severe mental anguish, past & future;

(c) Permanent impairment and limitation;

(d) Loss of enjoyment of life's pleasures;

(e) Past loss of wages;

(f) Future loss of earning capacity and fringe benefits;

(g) Unpaid medical bills; and

(h) Future life care needs and medical expenses.

**WHEREFORE**, Plaintiff Gordon C. Barbay prays that Defendant Union Pacific Railroad Company be duly cited and served with a copy of this Complaint and be made to appear and answer same, and after due proceedings had, there be judgment rendered herein in favor of Plaintiff Gordon C. Barbay and against Defendant Union Pacific Railroad Company, for all

damages reasonable in the premises, together with legal interest thereon, from date of judgment, until paid, and for all costs of these proceedings. Plaintiff further demands trial by jury on all issues presented.

>Respectfully submitted,
>
>**ROME, ARATA, BAXLEY & STELLY, L.L.C.**
>
>/s/   Blake G. Arata, Jr.
>BLAKE G. ARATA, JR., Bar No. 1697
>C. PERRIN ROME, III, Bar No. 17774
>W. CHAD STELLY, Bar No. 21140
>650 Poydras Street, Suite 2017
>New Orleans, Louisiana  70130
>Telephone: (504) 522-9980
>Facsimile: (504) 522-9971
>E-mail: barata@romearata.com
>            wcstelly@romearata.com
>Attorneys for Plaintiff Gordon C. Barbay

**PLEASE SERVE:**

**UNION PACIFIC RAILROAD COMPANY**
through its Agent for Service of Process:
CT Corporation Systems
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana  70808