UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GORDON C. BARBAY

VERSUS

UNION PACIFIC RAILRAOD
COMPANY

CIVIL ACTION

NO.: 17-00568-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion for Partial Summary Judgment (Doc. 17)**, filed by Defendant Union Pacific Railroad Company. Plaintiff filed a response (Doc. 23). For the reasons stated herein, the **Motion for Partial Summary Judgment (Doc. 17)** is **DENIED**.

I. BACKGROUND

On March 23, 2017 Plaintiff was working as a brakeman at Defendant's railroad yard in Parish of Point Coupee, Louisiana. (Doc. 23 at p. 2) Plaintiff was involved in performing a "trim job," which refers to the process of assembling an outbound train by switching various railcars onto the appropriate track and into the correct order for transit. (*Id.*) Part of completing the trim job required Plaintiff to leave two railcars on the track to act as "bumper cars." (*Id.*) These railcars were to prevent other railcars that might be switched onto the track from interfering with the ongoing trim job. (*Id.*)

In order to secure the bumper cars, Plaintiff had to tie the handbrakes on each car by using a brake stick. (*Id.* at 3) Brake sticks are aluminum sticks equipped with

1

telescoping and locking mechanisms. (*Id.*) Defendant's employees are required to use break sticks to tie, set, and release handbrakes. (*Id.*) Plaintiff successfully tied the handbrake on the first of the two bumper cars. In the process of tightening the handbrake on the second bumper car, Plaintiff placed a brake stick into the spokes of the brake wheel of the handbrake and pulled it down at a slight angle to tighten it. (Doc. 23 at p. 3) At this point the break stick snapped and Plaintiff lost his balance. (*Id.*) Plaintiff claims that as a result, he suffered serious injury to his right arm, shoulder, and elbow. (*Id.*)

Plaintiff claims that the handbrake was defective and caused his injury. Plaintiff brings suit pursuant to the Federal Employers Liability Act ("FELA") and the Federal Safety Appliance Act ("FSAA"). (Doc. 1 at pp. 4-5) Defendant moves to dismiss Plaintiff's claims based on alleged violations of the FSAA. Defendant claims (1) that the railcar on which the accident occurred was the not "in use" at the time of the accident, which precludes application of the FSAA and (2) that Plaintiff has not proven that the handbrake itself was defective, and it therefore could not have caused his injury.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in

2

the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

### A. Was the Railcar "In Use"

The FELA serves as the exclusive remedy for a railroad employee injured as a result of his employer's negligence. *Rivera v. Union Pacific R. Co.*, 378 F.3d 502, 507 (5th Cir. 2004). The FELA provides that "every common carrier by railroad... shall be liable to any person suffering injury while he is employed by such carrier... for such injury resulting in whole or in part from the negligence... of such carrier." 45 U.S.C. §51 (2012). Accordingly, to bring an action under FELA, a plaintiff must prove negligence. The Supreme Court has held that the FSAA itself does not create a federal cause of action for employees seeking damages for injuries resulting from a railroad's violation of the law. *Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 166 (1969). However, a violation of the FSAA constitutes negligence as a matter of law under FELA. *Id.* Accordingly, the FSAA imposes strict liability on railroads for violations of the Act's safety standards. *Id.*

Defendant first argues that Plaintiff has not proven that the railcar he was working on was "in use" at the time of the injury, which precludes Plaintiff's recovery under the FSAA. In order for the FSAA to apply, the vehicle at issue must be "in use" at the time of the incident. *See Trinidad v. Southern Pacific Transp. Co.*, 949 F.2d 187, 188 (5th Cir. 1991) (holding that the language "to use on its line" means "in use, running, or being hauled"). Plaintiff brings a claim under the FSAA's handbrake provision, which provides that "a railroad carrier may use or allow to be used on any of its railroad lines (1) a vehicle only if it is equipped with . . . efficient handbrakes."

4

49 U.S.C. 20302(a)(1)(B) (2012). Defendant argues that this provision is inapplicable because a railcar involved in switching operations is not "in use" for purposes of the FSAA. Defendant premises its argument on the United States Court of Appeals for the Fifth Circuit's decision in *Trinidad v. Southern Pacific Transp. Co.* (Doc. 27 at p. 2). There, the Fifth Circuit addressed whether Sections 1 and 9 of the FSAA, which control air and power-driving wheel brakes, applied to trains during pre-inspection departure. The Court found that they did not because the train was not "in use, running, or being hauled." *Trinidad*, 949 F.2d at 188. The Court further found that "courts have not applied the [FSAA] to trains involved in switching operations." *Id.*

The Court finds that Defendant's argument misconstrues the holding of *Trinidad*. The provisions of the FSAA at issue in *Trinidad* have since been recodified into 49 U.S.C. §§ 20302(a)(4)-(5). *Solice v. CSX Transp. Inc.*, No. 11-1288, 2012 WL 1196668 at *2 (E.D. La. Apr. 10, 2012). These sections specifically apply to *trains*, versus *vehicles*, which are covered under 49 U.S.C. §20302(a)(1). As Plaintiff points out, courts in the Fifth Circuit since *Trinidad* have specified that its holding was limited to "trains" rather than all rail vehicles. *Solice*, 2012 WL 1196668 at *2 (finding that *Trinidad* did not preclude a plaintiff from bringing suit for a handbrake's failure on a railcar during switching operations because *Trinidad's* holding was limited to "trains"). *See also United States v. Erie R. Co.*, 237 U.S. 402, 407-408 (holding that the air-brake provision of the FSAA is applicable to trains proceeding on their journeys while the provisions calling for automatic couplers and grab irons "are of broader application and embrace switching operations"). As such, the Court rejects

Defendant's assertion that *Trinidad* holds that railcars involved in switching operations are not "in use" under the FSAA.

In the instant case, it is undisputed that the railcar on which the accident took place was involved in switching operations. However, Defendant itself admits that the railcar was being utilized as a bumper car. (Doc. 27 at p. 3). As such, the railcar qualifies as a "vehicle," rather than a "train," under 49 U.S.C. §20302(a)(1)(B) and is therefore subject to the FSAA's efficient handbrake provision. Accordingly, Defendant is not entitled to summary judgment based on the argument that the railcar was not "in use" at the time of the accident.

**B. Dispute of Material Fact over Efficiency of Handbrake**

Defendant also asserts that Plaintiff has failed to establish that there was a defect in the handbrake that caused Plaintiff's injury. (Doc. 17-2 at p. 8) "Proof of an actual break or physical defect. . . is not a prerequisite to finding that [the FSAA] has been violated." *Thompson v. Alabama Great Southern R. Co.*, 2014 WL 970104, at *2 (E.D. La. Mar. 12, 2014) (quoting *Myers v. Reading Co.*, 331 U.S. 477, 483 (1947)). The efficient handbrake provision only requires a plaintiff to prove "that the mechanism failed to work efficiently and properly." *Id.*

The Court concludes that there remains a dispute of material fact as to whether the handbrake was working efficiently. First, Plaintiff testified that as he was tightening the handbrake, the brake stick broke. (Doc. 23-2 at p. 17) Second, Bruce Davis, a car foreman employed by Defendant, testified that he inspected the railcar after the Plaintiff's incident and reported to Defendant that the handbrake

wheel was defective because of worn rivets. (Doc. 23-7 at pp. 3-4) The handbrake wheel was eventually removed from the railcar. (*Id.*) Davis further testified that the handbrake wheel is part of the brake assembly. (*Id.*) Given these facts, a reasonable juror could find that the handbrake failed to work properly and caused Plaintiff's injury. As such, Defendant is not entitled to summary judgment on based on the efficiency of the handbrake. The Court notes that Defendant argues that the brake stick, which snapped, was not part of the handbrake itself and thus cannot give rise to an FSAA claim. (Doc. 17-2 at p. 7) Because the Court has denied summary judgment based on alleged facts unrelated to the brake stick, it is unnecessary for the Court to address Defendant's argument at this time.

IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Doc. 17)** is **DENIED**.

Baton Rouge, Louisiana, this 13th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

8